```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

PAUL D. REED,                    )
                                 )
    Plaintiff,                   )
                                 )
v.                               )       No. 21-2657-SHL-tmp
                                 )
MEMPHIS RECOVERY CENTERS, INC.,  )
                                 )
    Defendant.                   )
_____

### ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL
_____

Before the court is defendant Memphis Recovery Centers, Inc.'s ("MRCI") Motion to Compel Plaintiff's Written Discovery Responses and Produce Responsive Documents, filed on June 3, 2022. (ECF No. 24.) Plaintiff Paul Reed responded to the motion on June 15, 2022. (ECF No. 27.) For the reasons below, the motion is GRANTED in part.

### I.   BACKGROUND

In his complaint, Reed alleges race discrimination under Title VII of the Civil Rights Act of 1964, including illegal termination, unequal terms and conditions of employment, and a failure to "provide safety in [the] workplace." (ECF No. 1 at 3.) Regarding the specifics of his claim, Reed writes the following:

> During my tenure at Memphis Recovery Center I experience out rate [sic] racism. I was working my shift when I wrote up two white Caucasian individuals for major rules violations. These individuals threaten to do harm to me

>and my family. This was told to other staff and reported to management. After complaining to management I was terminated on May 12, 2021.

(Id. at 4.) Reed states that the alleged incident took place on April 18, 2021. (Id. at 3.)

After investigating his case, the Equal Employment Opportunity Commission ("EEOC") issued Reed a Right to Sue letter on August 26, 2021. (ECF No. 1-1.) Reed then filed his complaint on October 20, 2021, along with a Motion for Leave to Proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 2.) The undersigned granted Reed IFP status and ordered that service of process be issued on October 22, 2021. (ECF No. 7.) MRCI answered on December 1, 2021, and the case proceeded to discovery. (ECF No. 10.)

MRCI served Reed with their First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions on March 22, 2022. (ECF Nos. 21; 24-2.) Reed did not respond to these requests, prompting MRCI to follow up on May 3, 2022, and asking him to respond within ten days. (ECF No. 24-3.) When no response came, MRCI's counsel notified Reed on May 31, 2022, that they planned to file a motion to compel responses if he did not respond by June 2, 2022. (ECF No. 24-4.) Once again, MRCI did not receive a response, and they filed the present motion on June 3, 2022. (ECF No. 24.)

However, in a Motion to Extend Deadline for Alternative Dispute Resolution filed on June 14, 2022, MRCI indicated that

-2-

"[o]n June 9, 2022, Plaintiff served deficient written discovery responses on Defendant" and that the "responses were none [sic] responsive to Defendant's written discovery requests." (ECF No. 25 at 2.) Because MRCI did not attach copies of the requests or Reed's allegedly deficient responses to either motion, the court ordered MRCI to file the requests and Reed's responses, which they did on June 21, 2022. (ECF No. 29.) In an affidavit attached to this filing, MRCI's counsel stated that Reed had "failed to provide a written response" to any of the Requests at issue and had instead "provided a grouping of documents" without any additional responses.[1] (ECF No. 29-2 at 2.)

## II. ANALYSIS

### A. Scope of Discovery

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct.

---

[1]The documents included were: "1) reminder of an EEOC interview on August 24, 2021; 2) possible witness list created by Plaintiff on June 7, 2022; 3) Memphis Recovery Centers' employee welcome letter; 4) job schedule from May 9 to May 22 of an unknown year, and 5) copy of the clinical assistant job duties signed by Plaintiff on February 26, 2022." (ECF No. 29-2 at 1-2.)

10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**B.   Discovery Requests**

At issue are Reed's responses, or lack thereof, to MRCI's First Set of Interrogatories, Requests for Production, and Requests for Admission. Federal Rule of Civil Procedure 37 allows a party to "move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33" or if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). This district court's local rules require that

> When answering or objecting to interrogatories, requests for admission or requests for production of documents, the replying or objecting party shall set forth immediately preceding the answer or objection, the discovery request with respect to which answer or objection is made.

LR 26.1(a)(1). MRCI requests responses or productions responsive to eighteen interrogatories, twenty-three document requests, and thirteen requests for admission. (ECF No. 29-1.) When considering a motion to compel, even where a party fails to respond, the court may nevertheless examine the discovery sought "to secure the just, speedy, and inexpensive determination of every action and proceeding." See Logan v. MGM Grand Detroit Casino, No. 4:16-CV-10585, 2017 WL 1684648, at *1 (E.D. Mich. May 3, 2017) (quoting Fed. R. Civ. P. 1); see also Tinsley v. Henderson Cty. Detention Ctr., No. 4:16CV-P27-JHM, 2017 WL 2221727, at *1-2 (W.D. Ky. May 19, 2017) (evaluating *pro se* plaintiff's discovery responses and limiting the scope of the requests where appropriate).

Reed's failure to respond to the requests at issue is a clear violation of the Federal Rules of Civil Procedure and this district court's local rules. The court has reviewed the requests in their entirety and finds the following regarding each set of requests.

   1.   First Set of Interrogatories

MRCI's First Set of Interrogatories require responses in the form of a written answer directly underneath each interrogatory. Upon review, the court finds that all of the interrogatories are reasonably calculated to lead to the discovery of admissible

evidence and that Reed must provide responses. However, the interrogatories seek large amounts of information from varying time periods ranging from Reed's entire life to the last five years. While the information sought is within the scope of discovery, these differing and often sweeping time periods appear arbitrary and excessive given the needs of the case. The court therefore *sua sponte* limits the relevant time period for all interrogatories to the period of January 1, 2017 to the present. Any objections that Reed may have had regarding these interrogatories are deemed waived. See Drutis v. Rand McNally & Co., 236 F.R.D. 325, 337 (E.D. Ky. 2006).

    2.   First Requests for Production

MRCI's First Requests for Production require responses in the form of responsive documents to each request. As with the interrogatories, the court again finds that the relevant time period for document productions should be limited to the period of January 1, 2017 to the present. However, Request No. 18, which seeks Reed's tax records for the past seven years, is possibly disproportionate to the scope of the case. While tax records "are not privileged from civil discovery," the court "is mindful of the cautionary approach other courts have taken to prevent unnecessary disclosure of tax returns." Primrose Ret. Cmtys., LLC v. Omni Constr. Co., Inc., No. 1:18-mc-0130, 2019 WL 6771210, at *2 (N.D. Ohio Dec. 12, 2019) (citing Shelbyville Hosp. Corp. v. Mosley, No.

-6-

4:13-CV-88, 2017 WL 1155046, at *4 (E.D. Tenn. Mar. 27, 2017)). "[T]ax returns are relevant to both claims of lost wages and proving mitigation measures," and thus where a plaintiff requests unpaid wages or back pay, their tax returns are relevant to the case so long as they are limited to the time of employment by the defendant. Dancy v. Lanxess Corp., No. 19-cv-02690-SHL-tmp, 2020 WL 5262311, at *3 (W.D. Tenn. Sept. 3, 2020). But "[w]ithout a justification as to why [a plaintiff's pre-employment] tax returns are relevant to any claim or defense," the moving party has not carried their burden to demonstrate why a request is relevant. Id. at n.3 (citing Johnson, 2019 WL 5089086, at *2.) Here, Reed is seeking $22,000 in backpay. (ECF No. 1 at 6.) MRCI requests five years of tax returns without any particularized justification, but it is unclear from the record when Reed's employment with MRCI began. Thus, the court limits the tax returns Reed must provide to only the tax years during which he was employed by MRCI.

Reed must respond to all other requests with responsive documents from the time period of January 1, 2017 to the present. Any objections that Reed may have had regarding these discovery requests are deemed waived. See Drutis, 236 F.R.D. at 337.

    3.   Requests for Admission

After review, the court finds that all of MRCI's Requests for Admission are appropriate, therefore Reed must answer these requests. Because certain requests are potentially dispositive of

central issues in this ase, and given Reed's *pro se* status, the court will allow Reed thirty days to respond. See Fed. R. Civ. P. 36(a)(3) (court may shorten or lengthen the time to respond). Reed's responses should take the form of a written answer regarding each of the proposed requests for admission. See Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter [. . .]").

### III. CONCLUSION

MRCI's Motion to Compel is hereby GRANTED in part and DENIED in part. In summary, the court holds that Reed must provide written responses to the following:

- All interrogatories contained in MRCI's First Set of Interrogatories, but with the relevant time period limited to January 1, 2017 to present.
- All Requests for Production with a relevant time period of January 1, 2017 to present, except for Request No. 18. Documents produced in response to Request No. 18 are limited to the tax years during which Reed was employed by MRCI.
- All Requests for Admission.

Reed shall have thirty days from the entry of this order to provide the necessary responses. Failure to comply with this order may

result in sanctions, including but not limited to attorney's fees and dismissal of the lawsuit with prejudice.

IT IS SO ORDERED.

                              s/ Tu M. Pham
                              TU M. PHAM
                              Chief United States Magistrate Judge

                              June 23, 2022
                              Date