**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | |
|---|---|
| PAUL D. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 21-2657-SHL-tmp |
| | ) |
| MEMPHIS RECOVERY CENTERS, INC., | ) |
| | ) |
| Defendant. | ) |

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

---

Before the court is defendant Memphis Recovery Centers, Inc.'s ("MRC") Motion to Dismiss Plaintiff's Claims Under Rule 41(b) or, Alternatively, Deem Plaintiff's Objections to Written Discovery Waived, Requests for Admissions Admitted, and Defendant Relieved of the Obligation to Particpate [sic] in ADR, filed on September 28, 2022. (ECF No. 33.) *Pro se* plaintiff Paul Reed filed his response on October 6, 2022. (ECF No. 34.) For the following reasons, MRC's motion to dismiss is DENIED. MRC's motion to have their requests for admission deemed admitted is GRANTED. Reed's objections to all other discovery requests are deemed waived.

## I.  BACKGROUND

Paul Reed filed a complaint on October 20, 2021, alleging that MRC terminated his employment based on his race and color in violation of Title VII. (ECF No. 1.) MRC filed their answer on

December 1, 2021. (ECF No. 10.) On January 7, 2022, the parties met and conferred regarding scheduling. (ECF No. 18.) The court then entered a scheduling order setting an Alternative Dispute Resolution ("ADR") deadline of April 14, 2022. (Id.)

On April 14, 2022, the parties filed a joint motion to extend the ADR deadline to October 8, 2022. (ECF No. 22.) In their motion, the parties stated:

> 4. The Parties are actively engaged in investigation and discovery in this matter and have exchanged written discovery responses and produced documents.
>
> 5. However, after discussions between the parties, it is apparent that it would not be fruitful to engage in mediation at this time given the material facts currently known, or the lack thereof.
>
> 6. Therefore, the parties request that the Court extend the ADR deadline until after the parties have completed discovery, up to and including October 8, 2022.

(Id.) In a text order, the court granted the parties' motion in part, but set a new ADR deadline of June 15, 2022. (ECF No. 23.)

On June 3, 2022, MRC filed a motion to compel the plaintiff to provide written discovery responses and to produce documents in response to MRC's requests for production. (ECF No. 24.) In their motion, MRC wrote that "[t]o date, Plaintiff has failed to respond to Defendant's First Set of Interrogatories, Requests for Production of Documents & Request for Admissions." (Id. at PageID 63.) Reed opposed the motion to compel. (ECF No. 27.) After considering the merits of the defendant's motion, the court granted

it in part. (ECF No. 30.) Reed was ordered to respond to all requests for admission. (Id.) He was also ordered to respond to all interrogatories and all requests for production, but "with the relevant time period limited to January 1, 2017 to present." (Id.) Regarding a request for Reed's tax returns, the court compelled production of responsive documents for only the tax years during which Reed was employed by MRC. (Id.) In its order, the court warned Reed that "[f]ailure to comply with this order may result in sanctions, including but not limited to attorney's fees and dismissal of the lawsuit with prejudice." (Id.)

MRC also filed another motion to extend the ADR deadline, this time to November 20, 2022. (ECF No. 25.) MRC wrote that because Reed "served deficient written discovery responses" and "these responses were [non]responsive to Defendant's written discovery requests," MRC did not believe that mediation would be successful. (Id.) Reed opposed this motion. (ECF No. 27.) Again, the court granted an extension of time, but extended the ADR deadline only to August 15, 2022. (ECF No. 26.) On August 15, 2022, Reed filed a Motion for ADR Solution. (ECF No. 31.) In his motion, Reed wrote that he had "no contact with defendant representatives at all" and asked the court to "have mediation soon as possible." (Id.) MRC did not respond to this motion. On August 31, 2022, the court granted Reed's motion and ordered the parties to mediate by October 1, 2022. (ECF No. 31.)

On September 28, 2022, MRC filed the present motion. (ECF No. 33.) In their motion, MRC asks the court to 1) dismiss Reed's complaint for failure to provide written discovery responses; or 2) enter an order deeming Reed's objections waived and deeming as admitted MRC's requests for admission, and relieving the parties of their obligation to mediate. (Id.) Reed filed his opposition to the motion on October 6, 2022. (ECF No. 34.)

Regarding the discovery responses, MRC writes that Reed has produced "a grouping of documents including a signed request for copies of tax returns, an authorization for release of employment records, a work schedule from May 9-May 22 of an unidentified year, an employment welcome letter, a clinical assistant job description, a reminder of a EEOC inquiry interview, and a witness list for possible depositions." (ECF No. 33 at PageID 133.) Then, on July 21, 2022, Reed "again served almost identical deficient written discovery responses on [MRC] . . . In addition to previously produced documents, Plaintiff also included a written statement regarding the events leading up to his termination." (Id. at PageID 133-34.) Reed did not address the sufficiency of his discovery responses in his response. (ECF No. 34.)

Regarding attempts to mediate, both parties attached emails evincing their communications about ADR. On September 9, 12, 16, and 20, 2022, MRC's attorneys emailed Reed to ask about his availability to mediate and his preferred mediator. (ECF No. 34;

-4-

ECF No. 33 at PageID 200-02.) On September 20, 2022, Reed emailed MRC's attorney and said that he would be available "on the 27th." (ECF No. 33-9 at PageID 203.) On September 21, 2022, MRC's attorney emailed Reed "to confirm [the] phone conversation that took place this morning" and ask Reed whether he wanted to proceed with their assigned mediator. (ECF No. 33-10 at PageID 204.) A few minutes later, another of MRC's attorneys emailed Reed to let him know that their assigned mediator was not available during the prescribed time period. (ECF No. 34.) According to Reed, he "contacted both mediators and pick [sic] one." (Id.) The next day, Reed forwarded a communication from a mediator that included a mediation agreement as well as her fees and availability. (ECF No. 33-11 at PageID 206.) On September 24, 2022, MRC's attorney emailed Reed to inform him that the mediator was "tentatively holding a slot" for mediation on September 28, 2022. (ECF No. 33-12 at PageID 207.) She asked Reed whether he would be able to attend. (Id.) According to MRC, Reed never responded to the last email. (ECF No. 33 at PageID 134.) However, according to Reed, MRC's attorney "said they had other obligations to attend to" and "wouldn't be available until around the tenth of Oct." (ECF No. 34.)

In response to these filings, the court entered an order denying MRC's request for relief from the obligation to mediate. (ECF No. 35.) The court directed the parties to mediate no later

-5-

than November 14, 2022. (Id.) The other issues raised by MRC's motion remain to be addressed.

## II.   ANALYSIS

### A.   Motion to Dismiss

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In the Sixth Circuit, courts look to four factors when determining whether dismissal under this rule is appropriate: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999). Dismissal "is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." Little v. Yeutter, 984 F.2d 160, 162 (6th Cir. 1993); see also Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997). "'Contumacious' is defined as 'perverse in resisting authority' and 'stubbornly disobedient.'" Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 497

-6-

(1986)). "[I]n the absence of contumacious conduct, an alternate sanction that would protect the integrity of pretrial procedures should be utilized rather than dismissal with prejudice." Freeland, 103 F.3d at 1280.

In this case, dismissal is not warranted. Although the parties have not been able to meet the deadlines set forth in the initial scheduling order, these delays do not appear to be due to bad faith on the part of Reed. He has made efforts to respond to MRC's discovery requests by providing certain documents and written responses. (ECF Nos. 33-2 & 33-4.) He has also attempted to schedule mediation by communicating with MRC regarding availability and reaching out to mediators for information. (ECF No. 34.) Furthermore, Reed has not been the sole cause of delay in this case. When the court compelled the parties to mediate by August 15, 2022, neither party made attempts to ensure the deadline was met. When the deadline passed, it was Reed who filed a motion asking the court to compel mediation again. (ECF No. 31.) Reed's actions represent good-faith attempts to comply with the court's orders, not the stubborn disobedience required for dismissal.

Turning to the other factors, the court acknowledges the prejudice to MRC that these delays have likely caused. Reed has also been warned that his failure to cooperate could lead to dismissal. (ECF No. 30.) However, the court has not imposed or considered a less drastic sanction prior to the present motion.

Dismissal is "the sanction of last resort." <u>Beil v. Lakewood Eng'g and Mfg. Co.</u>, 15 F.3d 546, 552 (6th Cir. 1994). It is only permissible when "no alternative sanction would protect the integrity of the pretrial process." <u>Schafer</u>, 529 F.3d at 738. Because of this, a court abuses its discretion when it immediately imposes the sanction of dismissal without considering the imposition of lesser sanctions. <u>Freeland</u>, 103 F.3d at 1280. In this case, the court finds that Reed's conduct does not warrant any sanctions under Rule 41(b), much less the sanction of dismissal. In light of Reed's apparent attempts to comply with the court's orders, MRC's motion to dismiss is DENIED.[1]

**B.   Discovery Responses**

In the alternative, MRC asks that their requests for admission be deemed admitted. Federal Rule of Civil Procedure 36(a)(3) governs requests for admission. Under that rule, a "matter is

---

[1]While a magistrate judge must generally submit a report and recommendation on a dispositive motion under 28 U.S.C. § 636, "the majority of courts to consider the issue have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion." <u>Kindred v. Memphis Light, Gas & Water Division</u>, No. 19-cv-2660-TLP-tmp, 2021 WL 6751896, at *2 (W.D. Tenn. Apr. 21, 2021) (quoting <u>Builders Insulation of Tenn., LLC v. S. Energy Sols.</u>, No. 17-cv-2668-TLP-tmp, 2020 WL 265297, at *4-5 (W.D. Tenn. Jan. 17, 2020)). Since the undersigned declines to dismiss the case, 28 U.S.C. § 636(b)(1)(A) permits the undersigned to proceed by order rather than report and recommendation.

admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3); see also Goodson v. Brennan, 688 F. App'x 372, 375 (6th Cir. 2017). The requests for admission in this case were initially served on March 22, 2022. (ECF No. 33-1.) Reed did not file a response. (ECF No. 24.) MRC moved to compel responses on June 3, 2022. (Id.) The court granted MRC's motion to compel on June 23, 2022, and ordered Reed to respond to MRC's requests for admission within thirty days. (ECF No. 30.) That deadline has lapsed, and Reed has still not filed responses to MRC's requests for admission. MRC's requests for admission are therefore deemed admitted. Although a court may allow admissions to be withdrawn or amended if "it would promote the presentation of the merits of the action" and it would not "prejudice the requesting party in maintaining or defending the action on the merits" to do so, see Clark v. Johnston, 413 F. App'x 804, 818 (6th Cir. 2011) (quoting Fed. R. Civ. P. 36(b)), Reed has not made such a showing.

MRC also asks the court to deem as waived Reed's objections to their discovery requests. "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." Siser N. Am., Inc. v. Herika G. Inc., 325 F.R.D. 200, 210 (E.D. Mich. 2018) (internal

-9-

quotations omitted); see also Drutis v. Rand McNally & Co., 236 F.R.D. 325, 337 (E.D. Ky. 2006). Reed did not raise any objections to the requests within thirty days of service, nor did he do so following the court's order compelling him to respond. His objections are therefore waived.

Finally, MRC argues that Reed's responses to their interrogatories and requests for production of documents are deficient. (ECF No. 33 at PageID 133.) Reed's response to MRC's interrogatories appears to include a witness list (ECF No. 33-2 at PageID 181) and a written narrative of the events underlying his claim. (ECF No 33-4 at PageID 191.) As for the requests for production, Reed has produced "a grouping of documents," but has not identified to which requests they are responsive or whether additional documents are forthcoming. (ECF No. 33 at PageID 133-34.)

Under Federal Rule of Civil Procedure 33, each interrogatory must "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). As for the requests for production, Reed must address each request, state what documents he has in his possession, and produce those documents to MRC, identifying to which request they are responsive. Fed. R. Civ. P. 34. Reed is ordered to respond to MRC's discovery requests in the manner required by the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the above reasons, MRC's motion to dismiss is DENIED. MRC's motion to have their requests for admission deemed admitted is GRANTED. Reed's objections to all other discovery requests are deemed waived. Reed is ordered to respond to MRC's discovery requests as required by the Federal Rules of Civil Procedure and the court's orders by November 8, 2022.

**Failure to comply with this order may result in sanctions, including but not limited to attorney's fees and dismissal of the lawsuit with prejudice.**

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 19, 2022
Date